The Knights of the Maccabees of the World v. Mrs. Jessie L. Hunter.

No. 2102.    Decided December 7, 1910.

**1.—Insurance—Warranty—Findings.**

It is questioned whether, in a case where an applicant for an insurance certificate in a benefit association had warranted that he had not been afflicted with ulcers or open sores, a finding by the jury that he had a single ulcer would require a verdict for defendant on the ground of breach of such warranty. (P. 615.)

**2.—Insurance—Application—Warranties.**

Evidence considered and held to show that various answers made in his application for a benefit insurance certificate and warranted to be true by the insured were so clearly shown to be untrue as to justify the court in directing a verdict so finding and render the submission of the issue as to their truth improper. (Pp. 614, 615.)

**3.—Same.**

Evidence considered and held to show clearly that an applicant for insurance had answered falsely the question whether he had changed his residence on account of his health and to require judgment for the insurer on the ground that his certificate was invalidated by his warranty of the truth of such statement. (P. 615.)

**4.—Same—Waiver by Insured.**

The failure of the insurer, on rejecting the claim of the beneficiary, to return the benefit certificate on which the claim was based, was not a waiver of its defense to such claim, where the by-laws required that such certificate should be kept by the association but the claimant was given the right to inspect it at any time. This was no embarrassment to claimant in the assertion of her right. (P. 616.)

**5.—Same.**

Where the claimant under a benefit certificate treated the claim as rejected by the committee on claims and board of trustees, by bringing suit within less than the ninety days within which, but for such rejection, the action was not allowed, she could not claim that the association had waived its right to contest the validity of the insurance, because of false warranties by the insured, by their failure to comply with the by-laws requiring the claim to be submitted to such authorities and providing for notice to and a right of hearing before them by the claimant. (P. 616.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Taylor County.

Mrs. Hunter sued the Knights of Maccabees and had judgment, which was affirmed on defendant's appeal. The latter thereupon obtained writ of error.

*J. E. Yantis* and *Cunningham & Oliver,* for plaintiff in error.— The charge requested was in effect a. peremptory charge in favor of the appellant, to which charge it was clearly entitled, and the uncontradicted evidence established that the husband of appellee, when making application for insurance, made false statements in at least seven of the special issues submitted to the jury. National Life Ins. Co. v. Reppond, 81 S. W., 1012; National Life Ins. Co. v. Reppond, 96 S. W., 780; Knights and Ladies of Honor v. Payne, 101 Texas, 449; Knights and Ladies of Honor v. Payne, 110 S. W., 523; Brock v. United Moderns, 36 Texas Civ. App., 12.

The jury found in a verdict upon the fifth special issue that the deceased had an ulcer of the rectum prior to the 4th day of October, 1905, and the court should have rendered his judgment on said finding in favor of the appellant, and his action in rendering judgment in favor of the appellee was directly contrary to the verdict of the jury and was erroneous. Same authorities.

The appellant did not waive the right to declare a forfeiture of the benefit certificate by refusing to deliver the actual possession of same to the appellee's attorney. In order to waive the right to declare a forfeiture of the benefit certificate the appellant must have done some act with the intention to relinquish its right to assert the forfeiture.

The undisputed and uncontradicted evidence showed that the deceased, Hunter, said in his application for the benefit certificate that he had never changed his residence on account of his health, and the uncontradicted and undisputed evidence further showed that the statement was untrue, and that he had changed his residence on account of his health. Same authorities; also Casey-Swasey Co. v. Manchester Ins. Co., 32 Texas Civ. App., 158; Scott v. Farmers & Merchants Natl. Bank, 66 S. W., 493.

The Act of the Legislature of 1903, page 94, which declares that any provision in an insurance policy, to the effect that the answers or statements in the application, if false, shall render the policy void or voidable, shall not constitute a defense unless shown to have been material to the risk, has no application to fraternal associations because they are not subject to the insurance laws of the State unless expressly designated therein. Praetorians v. Hollmig, 100 Texas, 623.

There is not a word or syllable of evidence showing or tending to show that the proof of death and the claim of the appellee against the association had never been referred to the committee on claims, as provided by the laws of the association. Security Mutual L. Ins. Co. v. Calvert, 101 Texas, 128; Brotherhood of R. T. v. Roberts, 48 Texas Civ. App., 325.

*Wagstaff & Davidson,* for defendant in error.—Each and every question being controverted, the court did not err in submitting the issues of fact to the jury to be determined by them. Mutual L. Ins. Co. of New York v. Crenshaw, 116 S. W., 375; Daniel v. Modern Woodmen of America, 118 S. W., 212.

The court did not err in rendering judgment against the defendant upon the verdict of the jury, and particularly upon the fifth special

issue submitted, for the reason that the proof shows that the deceased had been afflicted with only one ulcer, or open sore, whereas the application of the deceased stated that he had never been afflicted with ulcers or open sores. Planters Mut. Ins. Co. v. Lyons, 38 Texas, 272; German Am. Ins. Co. v. Evants, 25 Texas Civ. App., 300; 29 Cyc., 193; Mutual L. Ins. Co. v. Crenshaw, 116 S. W., 375.

The proof being uncontroverted that appellant retained the benefit certificate or policy after it had knowledge of the supposed breach of the policy, and asserted the right to hold the policy or benefit certificate by reason of the provision of the certificate or policy, and thereby claimed rights under the certificate or policy, waived the forfeiture of the policy or certificate if it was forfeited.

The evidence being uncontroverted that the committee on claims, to whom the plaintiff's claim under the policy sued on should have been referred, never rejected the applicant's claim legally, or if it ever rejected it, it did not fix a time and place when appellee could produce additional proof or appear in person or attorney to urge her claim, the claim of appellee was never legally rejected and the appellant waived its right to insist on the forfeiture of the benefit certificate sued on.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This was a suit by Jessie L. Hunter to recover as beneficiary the sum of $2000 upon a certificate for the sum of $3000, issued to her husband in his lifetime, in which she was named as beneficiary. The certificate was originally for $1000, which, upon a new application, was raised to $3000. There seemed to have been no controversy as to the $1000, originally promised, which was paid to and accepted by Mrs. Hunter with the understanding that it was not to prejudice her rights to claim the additional $2000.

It was stipulated in the certificate and in the by-laws of the association that the answers of the applicant for the certificate were warranted to be true, and that in the event they were not true the certificate should be avoided. To questions propounded to him during his examination for the certificate he answered:

1. "That he had never changed his residence on account of his health."
2. "That he had not been afflicted with cough (habitual)."
3. "That he had not been afflicted with consumption."
4. "That he had not been afflicted with a disease of the lungs."
5. "That he had not been afflicted with ulcers or open sores."
6. "That he had never consulted a physician but one time during the ten years previous to the date of his application, which was October 4, 1905."
7. "That he had been afflicted with piles, but had fully recovered."
8. "That he had never had any ailment or injury other than piles prior to October 4, 1905."

The case was submitted upon special issues, and the defendant asked the court to charge the jury to find an affirmative answer to each of the issues so submitted except to No. 7. This the court

declined to do, and the jury found each of the issues so submitted in the negative.

We are of the opinion that the charge should have been given. Dr. Neel, who treated Hunter at Bonham in 1903 or 1904, says he had tuberculosis of the bowels and lungs, and testified that he advised him to change his residence, that it would likely prolong his life and that he had a better chance to get well from the change. Thomas A. Lovelace, with whom he boarded, testified that he said he was leaving Bonham on account of his health. Tarpley deposed that he left Bonham for the benefit of his health. Mrs. Lovelace testified that he went west in the summer of 1904; that he said he had business out there and that the doctor had said he thought he had tuberculosis, and he thought if he did have it he could live longer out there. This testimony, instead of being in conflict with that of Lovelace and Tarpley, is confirmatory of it, and leaves no doubt that he removed from Bonham on account of his health. 2. As to the case of an habitual cough the evidence is not so clear. But Dr. Neel testified to his having a cough when he treated him. He must have been sick three or four weeks; and it seems that the presumption from Neel's testimony is that the cough was a symptom of all his sickness. 3 and 4. As to consumption and disease of the lungs that question depends upon the opinion of the physician. But the physician gives his opinion without hesitation or faltering and gives the symptoms from which he deduced his conclusion. 5. As to ulcers or open sores the jury answered: "We find that he had an ulcer of the rectum." This probably does not show a false answer, because the question is as to ulcers or sores, and the jury found only one. 6. Was Hunter treated by a physician more than one time for ten years previous to October 4, 1905? Dr. Neel testified that he treated Hunter in the fall of 1903 and the spring of 1904. And Dr. Magee stated that he was called upon sometimes, but that he did not treat him except when he had spells with his throat and bowels. But can the statement of the physician who assisted at the examination for the certificate be deemed testimony for any purpose in the case when not sworn to upon the trial of the cause? 7. As to piles, he represented that he had that disease, but had fully recovered. 8. He represented that he had not had any ailment or injury other than piles prior to October 4, 1905. We have seen from previous answers that he had had consumption of the bowels and lungs. It also appears that he became overheated fighting a fire that threatened to burn the building in which he was doing business. It is obvious that in more than one of the issues submitted the jury should have been instructed to find an affirmative answer.

It is also assigned as error that the court should have rendered judgment for the defendant upon the finding of the jury to the fifth special issue, which is as follows: "Did Claude Dawson Hunter at any time prior to October 4, 1905, change his residence on account of his health?" To which they answered, "No." We have previously set out the testimony which in our opinion shows that this answer was false. This avoided the certificate and the court should have so ruled.

We fail to see any good reason for holding that the avoidance of the certificate had been waived. That the failure of the counsel for the company to surrender the certificate to the plaintiff was not such waiver, we think too clear for argument. The by-laws had provided that the certificate should be kept by the association. Besides, the counsel for the plaintiff were given the right to inspect the certificate at any time; and it is not apparent to us that they were embarrassed in the assertion of any right or that they were compelled to abandon any right by reason of the certificate not having been surrendered completely to them. The second ground for claiming a waiver is that the claim was presented to the committee on claims and was by them rejected. They referred the claim to the board of trustees, who rejected it without a hearing. It may be that such was the practice of the order in passing upon contested claims, to give notice that the claim is disapproved and then to await the action of claimant in adducing before the board of trustees additional proof. At all events the plaintiff seems so to have considered it, for she brought suit on the claim in less than ninety days, as is asserted in the brief of plaintiff in error. We fail to see that she was in any manner prejudiced by the action of the order.

We therefore think that the judgment should be reversed and here rendered for the plaintiff in error.

*Reversed and rendered.*